# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JAMAL K. DENSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   2:03-cv-03362-RDP-JEO |
| | ) |
| OFFICER RYAN; OFFICER McPHERSON, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter involves a claim by Plaintiff that Defendants W.E. Ryan and Tangee McPherson subjected him to cruel and unusual punishment in violation of Title 42, United States Code, Section 1983. On January 26, 2004, the magistrate judge assigned this matter recommended, among other things, that the claim against Defendant McPherson be dismissed pursuant to 28 U.S.C. § 1915. (Doc. 9). Thereafter, Plaintiff filed objections wherein he articulated additional facts concerning McPherson. (Doc. 12). The undersigned adopted the report and recommendation except that the court found the additional facts in the objections were sufficient to allow the matter to proceed. The case was then referred to the magistrate judge for further proceedings. (Doc. 13).

The magistrate judge required Defendant Ryan to file a "Special Report" and "Supplemental Special Report" to address Plaintiff's claims. Upon consideration of the same, the magistrate judge recommended that the claim against Ryan be allowed to proceed. (Doc. 32). On September 22, 2004, the undersigned adopted the report and recommendation and referred the case back to the magistrate judge. (Doc. 36).

Because McPherson had not been served, the magistrate judge had Defendant served by the United States Marshal. McPherson filed an answer on February 1, 2005. McPherson also filed a "Special Report" (Doc. 50) and requested that it be treated as a motion for summary judgment (Doc. 52). The motion was granted. Plaintiff filed a "Traverse" to the "Special Report." (Doc. 53).

In the "Special Report," Defendant McPherson denies the allegations of Plaintiff regarding the use of excessive force and raises the defense of qualified immunity. (Doc. 5 at p. 2). McPherson has also offered an affidavit in support of the motion.

An officer is entitled to qualified immunity in an excessive force claim "unless application of the [excessive force] standard would inevitably lead every reasonable [official] in [the officer's] position to conclude the force was unlawful." *Jones v. City of Dothan*, 121 F.3d 1456 (11th Cir. 1997), citing *Post v. City of Fort Lauderdale*, 7 F.3d 1552, 1559 (11th Cir. 1993). The excessive force standard looks to (1) the need for the application of force, (2) the relationship between the need and the amount of force used, (3) the extent of the injury inflicted and, (4) whether the force was applied in good faith or maliciously and sadistically." *Moore v. Gwinnett County*, 967 F.2d 1495, 1498 (11th Cir. 1992) (quoting *Leslie v. Ingram*, 786 F.2d 1533, 1536 (11th Cir. 1986)).

As the magistrate judge found in reviewing Plaintiff's allegations against Sgt. Ryan, material facts surrounding Plaintiff's claim remain in dispute[1] and the court must, for purposes of a summary judgment motion, treat Plaintiff's facts as true. It cannot resolve credibility issues at this state of the case.

---

[1] For instance, Plaintiff claims that he was handcuffed and held by McPherson while Ryan struck him in the head and face. (Doc. 12 at p. 2; Doc. 52 at p. 2). McPherson disputes this. (Doc. 50, Affidavit of McPherson). She asserts that neither she nor Ryan "[struck], or otherwise punch[ed] inmate Denson." *Id*. at ¶ 6. She further states that she finds "his allegation that [she] held him down difficult to comprehend" because he is much larger than she is. (*Id*.).

Accordingly, the motion for summary judgment on behalf of Officer McPherson is due to be denied. This matter is due to be referred to the magistrate judge for further proceedings. An appropriate order will be entered.

**DONE** and **ORDERED** this      20th      day of March, 2006.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE